UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **CRIMINAL NO. 3:09-123** |
| **v.** | : | **(JUDGE MANNION)** |
| **DWAYNE ABRAMSON,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

**I.   Background**

On April 20, 2020, defendant Dwayne Abramson, filed, through counsel, a motion for the court to review its detention order and to release him from detention pending a hearing for an alleged violation of the conditions of his supervised release by delivering cocaine base ("crack") to a confidential informant on four occasions from November 2019 through December 2019. (Doc. 231). In particular, the defendant requests the court to reconsider its detention order of February 14, 2020, (Doc. 230), pursuant to 18 U.S.C. §3142, arguing that the health risks related to the COVID-19 virus were unknown at the time of his detention hearing and that the virus is a material issue that the court should consider in determining whether his continued detention is warranted instead of supervised release.

Alternatively, he contends that the court should temporarily release him from confinement under 18 U.S.C §3142(i) since the alleged conditions at the Lackawanna County Prison ("LCP") have hindered his ability to prepare for his defense regarding the revocation proceedings and put him at risk of contracting the COVID-19 virus.[1]

Defendant's motion has been briefed by the parties. (Docs. 232 & 233).

For the reasons set forth below, the court will deny defendant's motion under §3142(g) and §3142(i), and defendant will continue to be detained pending his revocation hearing.

---

[1]Since several cases in this district, as well as in many other districts, have recently detailed the backdrop of cases filed by defendants in which they seek immediate release from confinement due to the COVID-19 pandemic, the court sees no need to rehash this background and does not repeat this discussion herein. *See e.g.*, Saillant, 2020 WL 1891854, *1; Umarbaev v. Lowe, 2020 WL 1814157, *2 (M.D.Pa. April 9, 2020). The briefs of the parties, as well as the websites cited therein, also discuss the COVID-19 pandemic and the measures taken by correctional institutions, including the BOP and the PA DOC, to protect inmates and staff from the virus. Suffice to say that this court is well-aware of the COVID-19 pandemic and its effects on the United States as well as the special considerations that must be made to protect defendants confined in prisons. The court and the parties are also well-aware of the standing orders issued in this district postponing in-person court appearances due to the COVID-19 virus. (*See* Exhibits attached to government's brief, Doc. 233 at 37-62). *See also generally* CDC's guidelines for institutions that detain individuals, Interim Guidance on Management of Coronavirus Disease 2019 (Covid-19) in Correctional and Detention Facilities, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html

**II.     Discussion**

On April 29, 2011, this court imposed a 108-month prison sentence on defendant after he pled guilty to making false statements in connection with the purchase of firearms, in violation of 18 U.S.C. §922(a)(6), followed by 3-years of supervised release. (Doc. 191). On February 20, 2018, defendant's supervised release began. While he was on supervised release, defendant was arrested by Hanover Twp. Police on December 4, 2019, and charged with delivering crack cocaine to a confidential informant four times during November-December 2019. Defendant was denied bail on the state drug charges and detained in Luzerne County. Subsequently, the government moved to revoke defendant's supervised release, (Doc. 220), and he was charged with violating the conditions of his supervised release imposed by this court in connection with his federal sentence. (Doc. 224). This court then held an initial appearance and detention hearing on February 14, 2020, and it ordered defendant to be detained pending his revocation hearing pursuant to 18 U.S.C. §3142. (Docs. 229 & 230). The court found that no combination of conditions would ensure the defendant's appearance at his revocation hearing and protect the safety of the community. The court also noted that the defendant was also detained by Luzerne County Court on his pending

state drug charges.[2] Defendant has been continuously detained in LCP since his detention hearing.

In his instant motion, defendant states that his revocation hearing cannot be held until his underlying state drug charges are resolved and that "[g]iven the delays in moving cases due to the [COVID-19] pandemic, [he] faces indefinite detention" and "serious health threats" due to his detention. Defendant states that if he is released, he will live with his fiancée in Nanticoke, and he alleges that he has an employment opportunity as a driver for Amazon. As such, defendant seeks the court to reconsider its February 14, 2020 detention decision under 18 U.S.C. §3142(f)(2)(B) of the Bail Reform Act, which provides that a defendant who is detained pending trial or other proceedings may move to have the hearing reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

---

[2]Since both parties were present at the detention hearing, the court does not fully repeat its findings herein. (Doc. 229).

The defendant also seeks temporary release from detainment pursuant to 18 U.S.C. §3142(i) of the Bail Reform Act alleging compelling reasons related to the COVID-19 pandemic which were not apparent when he had his detention hearing. He requests to be released at least until the pandemic is over. Section 3142(i) provides in pertinent part:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

Insofar as defendant seeks the court to reconsider its prior detention order, the court finds its previous consideration of the factors specified in §3142(g) have not changed based on the defendant's generalized fear of the COVID-19 virus. In short, as the court previously found, defendant while on supervised release has been charged with serious drug trafficking offenses in state court, i.e., four controlled buys, he has a lengthy criminal history showing a lifetime of criminal activity and no employment history despite his alleged potential job with Amazon if he is released. The court again finds that defendant remains a danger to the community and a risk of flight. Also, as the court previously stated, defendant was detained in Luzerne County on his recent drug charges. The court also concurs with the several cases from this district as well as other districts in which the courts have found that a

defendant's generalized fear of getting COVID-19 is not sufficient for the court to revisit its detention order. *See* United States v. Clark, --- F.Supp.3d ---, 2020 WL 1446895, *2 (D.Ks. March 25, 2020); United States v. McKnight, 2020 WL 1872412 (W.D.Wa. April 15, 2020) (string citation of 14 cases omitted). As the court in McKnight, *id.* at *1, noted that "[i]n each of these [14 cited] cases, the pretrial detainee unsuccessfully relied on the current global crisis involving [COVID-19] in seeking to reopen the detention hearing." "What these decisions make clear is that COVID-19 does not support the reopening of a detention hearing because 'the governing legal standard 'is not ... the harms that [a defendant's] incarceration [might] cause (however substantial),' but rather 'the danger' that 'would be posed by the person's release.'" (citations omitted) (emphasis original). Further, in the instant case, the court finds that defendant's alleged sleep apnea[3] is insufficient to justify his release from detention particularly in light of his criminal background and the danger he poses to the community if he is released.

Additionally, the government has detailed in its brief the substantial steps taken at LCP to ensure the health and safety of inmates and staff at

---

[3]The court finds that the April 7, 2020 letter defendant submitted of Dr. Baran, (Doc. 1-1), simply stating that "[defendant] has a high likelihood of obstructive sleep apnea", without any medical records or results of any medical tests for support, is unpersuasive.

the prison, and the court does not repeat them. (Doc. 233 at 7-8). (*See also* Exhibits attached to government's brief, Doc. 233 at 63-66, regarding March 13 and 20, 2020 memos from LCP Warden Timothy Betti regarding detailed COVID-19 Preventive Actions implemented at the prison). Significantly, as the government represents, (Id. at 8), "[a]s of April 21, 2020, one corrections officer at LCP has tested positive for COVID-19 (in mid-March 2020), was quarantined, and has recovered, and as of that date no inmates at the prison have tested positive for COVID-19." Thus, despite defendant's unsupported contentions that LCP lacks the resources to properly protect inmates at the prison and, has inadequate safety and sanitary measures, LCP has implemented substantial precautions to protect staff and inmates from the COVID-19 virus. Since there has been only one confirmed case in March and no further cases, it appears that the prison's safety measures are more than adequate to protect the defendant as well as the other inmates.

Thus, the court, in its discretion, declines to reopen defendant's detention hearing pursuant to §3142(f)(2)(B).

To the extent that defendant seeks temporary release from detainment pursuant to §3142(i), the court also will deny the request. No doubt that "[a] defendant bears the burden of establishing circumstances warranting temporary release under §3142(i)." United States v. Clark, --- F.Supp.3d ---,

2020 WL 1446895, *2 (D.Ks. March 25, 2020) (citation omitted). Defendant argues that there is a compelling reason justifying his release based on the COVID-19 pandemic which will hinder the preparation of his defense. This court concurs with the court in Clark, *id.* at *2-3, which found that "[the defendant] properly seeks relief based on COVID-19 concerns under the 'necessary ... for another compelling reason' prong of §3142(i)", and that the determination of "whether a defendant's particular circumstances warrant release in light of the COVID-19 pandemic ought to [be] properly considered on a case-by-case basis under [this] prong." The court has considered the factors identified by the court in Clark, *id.* at *3, and as the government states, (Doc. 223 at 27), "Courts in this district have found Clark's analysis persuasive, and have accordingly joined the majority of other courts that have found that a defendant's general or speculative fear about contracting COVID- 19 is not a compelling basis for release under 18 U.S.C. §3142(i), where that defendant was previously detained as a flight risk or danger to the community as the defendant was in this instance." (citations omitted).

Defendant does not claim to have contracted the COVID-19 virus at LCP or to have been exposed to it. Further, defendant does not demonstrate that he would suffer any severe health consequences if he contracts the virus. Rather, he merely speculates that he may be exposed to COVID-19 at

LCP and that it will spread if someone at the prison contracts the virus in the future. Thus, this court agrees with the several courts in this district which have recently found that a "defendant should not be entitled to temporary release under §3142(i) based solely on generalized COVID-19 fears and speculation" and, that the current temporary limitations on the defendant's ability to meet with his attorney due to prison safety measures due to the virus, do not justify temporarily releasing a defendant who, like Abramson, has already been found by this court to be a danger to the community and a flight risk. Since these cases, as well as the other similar cases around the country, have been reviewed by the court and are cited in the government's brief, the court does not repeat the cites herein. (*See* Doc. 233 at 14-16, 25-26, 28). *See also* United States v. Raia, 954 F.3d 594, 597 (3d Cir. April 2, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release [under the First Step Act].")).

Suffice to say that the court has again considered defendant's individual factors under §3142(g) and finds that based on all of the factors which the court previously discussed on the record, the addition of the COVID-19 factor and defendant's generalized fear of contracting the virus while detained, does not warrant his pretrial release.

As such, defendant's motion, (Doc. 231), to reopen his detention hearing or, in the alternative, for temporary release, will be is **DENIED**, and his detention pending his revocation hearing will continue.

### III.   Conclusion

Defendant Abramson's Motion to Review Detention Order, **(Doc. 231)**, seeking the court to reconsider its February 14, 2020 detention decision under 18 U.S.C. §3142(f)(2)(B), and to release him pending his revocation hearing will be **DENIED**. Defendant's motion seeking temporary release from detainment pursuant to 18 U.S.C. §3142(i) based on alleged compelling reasons related to the COVID-19 pandemic will be **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 30, 2020**
09-123-01